United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETA VILLANUEVA,<br>　　　　Plaintiff,<br>　　v.<br>WELLS FARGO BANK, N.A.,<br>　　　　Defendant. | Case No. 18-cv-07094-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 7 |

On March 29, 2018, Plaintiff Violeta Villanueva filed the instant suit against Defendant Wells Fargo Bank, N.A., bringing a single cause of action for breach of contract. (Compl., Dkt. No. 1-1.) Plaintiff's alleges that in 2011, Plaintiff entered into a written agreement with Defendant, the "Home Affordable Modification Program Agreement (HAMP) to refinance the first mortgage on [her] property located at 157 Valleyview Way, South San Francisco, CA 94080 in Loan No. 512-45997202." (Compl. at 3.) On March 29, 2014, Defendant "denied the application for invalid reasons," causing Plaintiff to suffer "denial of credit in the amount of $600,000.00 and the loss of interest." (*Id.*)

Defendant then removed the case to federal court. (Not. of Removal, Dkt. No. 1.) On November 28, 2018, Defendant filed a motion to dismiss the complaint. (Def.'s Mot. to Dismiss, Dkt. No. 7.) Plaintiff's opposition was due on December 12, 2018; Plaintiff, however, did not file an opposition. On December 20, 2018, the Court issued an order to show cause, ordering Plaintiff to show why Defendant's motion should not be granted as unopposed by filing an opposition to Defendant's motion to dismiss and explaining why Plaintiff did not file a timely response. (Dkt. No. 11 at 1.) The Court warned that failure to complete both tasks by December 28, 2018 could result in the Court granting Defendant's motion pursuant to Paragraph 22 of the undersigned's

1    standing order, which states: "[t]he failure of the opposing party to file a memorandum of points
2    and authorities in opposition to any motion shall constitute consent to the granting of the motion."
3    (*Id.*) As of the date of this order, Plaintiff has not filed her opposition or response to the Court's
4    order to show cause.

The Court deems this matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the hearing set for January 31, 2019. As Plaintiff has failed to file an opposition, the Court GRANTS Defendant's motion to dismiss as unopposed.

Moreover, having reviewed Plaintiff's complaint, the Court finds that on the merits, Plaintiff fails to allege "sufficient factual matter to state a facially plausible claim to relief" in her complaint. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Plaintiff does not provide any information about the terms of the contract at issue, what term Defendant allegedly breached, and why Defendant's alleged breach was a violation of specific terms. It is also not clear if this case may proceed without co-trustee Charlie P. Villanueva, as the property at issue was held under a trust in which Plaintiff was a co-trustee. *See* Cal. Prob. Code § 15620 ("Unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous action"); *Swinden v. Vanguard Grp., Inc.*, Case No. 09-cv-3816-SI, 2009 U.S. Dist. LEXIS 97632, at \*5 (N.D. Cal. Oct. 21, 2009) ("California courts do not appear to have addressed whether one of two co-trustees may unilaterally sue a third party to recover money for breach of contract . . . . The Court observes, however, that the Restatement of Trusts provides that if one trustee refuses to concur in the exercise of a trust power, the court may permit the remaining trust to act unilaterally if it appears to be for the best interest of the trust that there should be an exercise of the power. In the current complaint, plaintiff has not pled facts that might support application of this theory.") (internal quotation and citation omitted).

///
///
///
///

It does not, however, appear from the face of the complaint that amendment would be futile. Plaintiff has thirty days from the date of this order to file an amended complaint which addresses the deficiencies identified in this order.

IT IS SO ORDERED.

Dated: January 10, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge