UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETA S. VILLANUEVA,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, N.A.,<br>Defendant. | Case No. 18-cv-07094-KAW<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 26 |

Plaintiff Violeta S. Villanueva filed the instant case against Defendant Wells Fargo Bank, N.A. (Dkt. No. 1.) Pending before the Court is Defendant's motion to dismiss Plaintiff's first amended complaint. (Def.'s Mot. to Dismiss, Dkt. No. 26.) Having considered the parties' filings, the relevant legal authority, and the arguments made at the April 4, 2019 hearing, the Court GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

On March 29, 2018, Plaintiff filed the instant case in state court, asserting a single cause of action for breach of contract. (Compl., Dkt. No. 1-1.) Plaintiff alleged that around 2011, she and Defendant entered into a "Home Affordable Modification Program Agreement (HAMP) to refinance the first mortgage on [her] property . . . ." (Compl. ¶ BC-1 (all caps omitted).) Plaintiff further alleged that Defendant breached the agreement on March 29, 2014 when it "denied the application for invalid reasons." (Compl. ¶ BC-2 (all caps omitted).)

Defendant was not served with the complaint until October 23, 2018. (Not. of Removal at 4-5, Dkt. No. 1.) On November 21, 2018, Defendant removed the case. (Not. of Removal at 1.) On November 28, 2018, Defendant filed a motion to dismiss. (Dkt. No. 7.) After Plaintiff failed to file her opposition, the Court issued an order to show cause why Defendant's motion should not

be granted as unopposed. (Dkt. No. 11 at 1.) Plaintiff did not file a response to the order to show cause.

On January 10, 2019, the Court granted Defendant's motion to dismiss as unopposed. (Dismissal Ord., Dkt. No. 13.) The Court also found "that on the merits, Plaintiff fails to allege sufficient factual matter to state a facially plausible claim to relief in her complaint," including not providing "any information about the terms of the contract at issue, what term Defendant allegedly breached, and why Defendant's alleged breach was a violation of specific terms." (*Id.* at 2 (internal quotation omitted).) The Court gave Plaintiff "thirty days from the date of th[e] order to file an amended complaint which addresses the deficiencies identified in th[e] order." (*Id.* at 3.)

On February 9, 2019, Plaintiff filed the operative complaint. (First Amended Compl. ("FAC"), Dkt. No. 22.) Plaintiff alleges that Defendant's software contained calculation errors that denied Home Affordable Modification Program ("HAMP") loan modifications to borrowers who were otherwise qualified. (FAC ¶ 20.) Plaintiff alleges that Defendant miscalculated her loan modification, which resulted in Defendant threatening foreclosure procedures. (FAC ¶ 12.) Although Plaintiff "fought foreclosure for years," she ultimately sold her home in 2014 to avoid foreclosure. (FAC ¶ 12.) Defendant later admitted in an SEC filing that it knew about the software errors as early as October 2015. (FAC ¶ 23.) On September 21, 2016, Defendant sent Plaintiff a letter stating that it "may not have properly reviewed your loan for the federal government's Home Affordable Modification Program (HAMP)." (FAC ¶¶ 13, 18, Exh. C at 1.) Defendant offered Plaintiff $5,000 if Plaintiff signed a confidentiality and release agreement. (*Id.*) The confidentiality and release agreement stated that the loan modification was denied in January 2013. (FAC, Exh. C at 2.) Based on these facts, Plaintiff brought claims for: (1) negligence, (2) conversion, (3) violation of the Unfair Competition Law ("UCL"), and (4) negligence per se. (FAC ¶¶ 27-56.) Plaintiff no longer pleads her breach of contract claim.

On February 22, 2019, Defendant filed the instant motion to dismiss and a request for judicial notice. (Def.'s Mot. to Dismiss, Dkt. No. 26; Def.'s Request for Judicial Notice ("RJN"), Dkt. No. 27.) On March 14, 2019, Plaintiff late-filed her opposition. (Plf.'s Opp'n, Dkt. No. 28.) On March 25, 2019, Defendant filed its reply. (Def.'s Reply, Dkt. No. 32.)

## II. LEGAL STANDARD

### A. Request for Judicial Notice

A district court may take judicial notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). A court may, therefore, take judicial notice of matters of public record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a

1 probability requirement, but it asks for more than a sheer possibility that a defendant has acted

2 unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's

3 liability, it stops short of the line between possibility and plausibility of entitlement to relief."

4 *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

If the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. Request for Judicial Notice

Defendant requests that the Court take judicial notice of: (A) the June 12, 2007 deed of trust, (B) the October 7, 2014 grant deed, (C) the November 19, 2007 letter from the Office of Thrift Supervision, and (D) the Official Certification of the Comptroller of the Currency regarding the conversion of Wachovia Mortgage, FSB to Wells Fargo Bank Southwest, N.A. (Def.'s RJN at 2.) Plaintiff did not oppose.

The Court takes judicial notice of the deed of trust and grant deed because they are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The Court also takes judicial notice of the Office of Thrift Supervision letter and the Comptroller of the Currency certification, as both are government records not subject to reasonable dispute. Courts in this district have taken judicial notice of both documents. *See DeLeon v. Wells Fargo Bank, N.A.*, Case No. 10-cv-1390-LHK, 2011 WL 311376, at *2-3 (N.D. Cal. Jan. 28, 2011).

#### B. Motion to Dismiss

Defendant argues that dismissal is warranted because: (1) Plaintiff exceeded the scope of the Court's order giving leave to amend by adding new claims, (2) Plaintiff's claims are time-barred, and (3) Plaintiff fails to adequately plead her claims. (Def.'s Mot. to Dismiss at 1.) The Court agrees that Plaintiff's claims are time-barred.

As an initial matter, dismissal is warranted because Plaintiff was not given leave to add new claims. "California district courts have occasionally considered new claims submitted in an

4

amended complaint where the prior order of dismissal granted leave to amend without limitation." *DeLeon v. Wells Fargo Bank, N.A.*, Case No. 10-cv-1390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010). Where, however, "leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleadings should be dismissed or stricken." *Id.* In the instant case, the Court gave Plaintiff leave to amend to "address[] the deficiencies identified in this order." (Dismissal Ord. at 3.) It did not give Plaintiff leave to amend without limitation, and thus Plaintiff's addition of new claims is improper. *Compare with DeLeon*, 2010 WL 4285006, at *3 ("the prior order granting leave to amend was limited in scope, and Plaintiffs were therefore required to seek leave of the Court before adding new claims."); *Cover v. Windsor Surry Co.*, Case No. 14-cv-5262-WHO, 2016 WL 3421361, at *3 (N.D. Cal. June 22, 2016) (dismissing newly added claim because the "claim exceeds the scope of allowable amendment under [the] previous order").

Even if the added claims were proper, the Court finds that dismissal is still warranted because the claims fall outside of the statute of limitations. The parties do not dispute that the statute of limitations for negligence and negligence per se claims is two years, while the statute of limitations for UCL claims is four years.[1] (Def.'s Mot. to Dismiss at 3; Plf.'s Opp'n at 11.) Rather, the parties dispute whether equitable tolling and the delayed discovery rule apply.

"Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Lukovsky v. City & Cty. of S.F.*, 535 F.3d 1044, 1052 (9th Cir. 2008). "Similarly, 'the discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action.' 'A plaintiff has reason to

---

[1] Plaintiff concedes she cannot bring a conversion claim. (Plf.'s Opp'n at 16.)

5

discover a cause of action when he or she has reason at least to suspect a factual basis for its elements.'" *McFarland v. JP Morgan Chase Bank*, No. EDCV 13-1838-JGB (OPx), 2014 WL 4119399, at \*9 (C.D. Cal. Aug. 21, 2014) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)). The discovery rule likewise concerns whether a reasonable person was put on inquiry notice; "[a] plaintiff is held to her actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109 (1988).

Plaintiff argues that "she was not aware of her claims until she received the September 21, 2016 letter from [Defendant] acknowledging that they may have failed to properly process her loan modification." (Plf.'s Opp'n at 13.) The Court disagrees. While Defendant may not have informed Plaintiff of its potential error until September 2016, Plaintiff knew the *factual* basis for her claims as of the January 2013 denial, sufficient to put her on inquiry notice. In *Burrington v. Ocwen Loan Servicing, LLC*, the Ninth Circuit upheld the dismissal with prejudice of the plaintiff's Montana Consumer Protection Act claim based on the statute of limitations. 736 Fed. Appx. 649, 651 (9th Cir. 2018). The Ninth Circuit explained that the plaintiff had been told he was not considered for a HAMP loan modification as of December 22, 2010, which meant he had been "provided . . . with the information needed for his claim, regardless of whether [the plaintiff] actually believed the statements or understood the reasons for the denial." *Id.*

Such is the case here. As in *Burrington*, Plaintiff knew her loan modification request was denied as of January 2013. (FAC, Exh. C at 2.) Moreover, the HAMP guidelines were publicly available, such that Plaintiff had access to information as to whether her application was improperly denied. Indeed, Plaintiff alleges in her complaint that she continued to fight the foreclosure proceedings even after the denial, implying that Plaintiff did in fact suspect the denial was in error. (*See* FAC ¶ 12.) Thus, the statute of limitations would have expired in January 2015 for the negligence claims and January 2017 for the UCL claim, requiring dismissal with prejudice.

At the hearing, Plaintiff argued, without authority, that the September 2016 letter served as a "second" inquiry notice that restarted the statute of limitations. There is no legal basis for this proposition. Even if Plaintiff received additional inquiry notice via the September 2016 letter, this

does not change the wrongful conduct that occurred when Defendant allegedly incorrectly denied the loan modification application. It is this wrongful conduct that Plaintiff had inquiry notice of as of January 2013. The September 2016 letter does not create a new statute of limitations based on this same conduct.

Accordingly, the Court finds that Plaintiff fails to allege adequate facts that would support tolling of the statute of limitations. Because the Court finds that Plaintiff's complaint must be dismissed with prejudice based on the expiration of the statute of limitations, the Court need not consider Plaintiff's claims on the merits.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss with prejudice.

IT IS SO ORDERED.

Dated: April 5, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge