UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETA S. VILLANUEVA,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 18-cv-07094-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO APPEAL**<br><br>Re: Dkt. No. 41-1 |

Plaintiff Violeta S. Villanueva filed the instant case against Defendant Wells Fargo Bank, N.A., alleging negligence and conversion claims based on Defendant's handling of Plaintiff's loan modification application. (First Amended Compl. ("FAC") ¶ 12, Dkt. No. 22.) On April 5, 2019, the Court dismissed Plaintiff's complaint with prejudice based on the expiration of the statute of limitations. (Dismissal Ord., Dkt. No. 39.) Judgment was entered that same day. (Dkt. No. 40.)

Plaintiff's deadline to appeal was May 6, 2019, or "30 days after the judgment or order appealed from is entered."[1] Fed. R. App. P. 4(a)(1)(A). On June 4, 2019, Plaintiff filed her notice of appeal. (Notice of Appeal, Dkt. No. 41.) Plaintiff also filed a motion for an extension of time to appeal as an attachment to the notice of appeal. (Plf.'s Mot. to Extend Time, Dkt. No. 41-1.) Plaintiff asserted that she did not file a timely notice of appeal because "Plaintiff's attorney is recovering from CABG (Cardiac Artery Bypass Graft) surgery on 4/19/2018 and recently has suffered some related health issues that has affected his ability to work . . . ." (*Id.* at 1.) Plaintiff did not attach a declaration or any other evidence. On August 7, 2019, Defendant filed its

---

[1] 30 days from April 5, 2019 is May 5, 2019, a Sunday. Therefore, Plaintiff's deadline was the following business day.

opposition and a request for judicial notice.[2] (Def.'s Opp'n, Dkt. No. 47; Def.'s Request for Judicial Notice ("RJN"), Dkt. No. 48.)

Per Federal Rule of Appellate Procedure 4(a)(5)(A), the district court may extend the time to file a notice of appeal if the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "that party shows excusable neglect or good cause." In determining excusable neglect, courts consider the *Pioneer* factors of: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). A court is within its discretion to deny relief if it concludes that the party seeking relief "failed to present any evidence relevant to the four factors." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

As an initial matter, Defendant argues that Plaintiff's motion should be denied because Plaintiff did not properly file the motion. (Def.'s Opp'n at 2.) Defendant correctly points out that Plaintiff failed to comply with the Local Rules regarding motions, instead attaching the motion to the Notice of Appeal. (*Id.*) The motion, however, was filed, as acknowledged by the Ninth Circuit. (Dkt. No. 45 ("Although the June 4, 2019 notice of appeal was not filed within 30 days after entry of the April 5, 2019 judgment, on June 4, 2019, appellant filed a motion for extension of time to appeal pursuant to [Rule] 4(a)(5). The motion was appended to the notice of appeal.").) To deny Plaintiff's motion solely on procedural grounds is not warranted in this case.

Notwithstandiing, the Court finds that the *Pioneer* factors do not support granting Plaintiff's motion. First, there is some danger of prejudice, although this factor does not weigh strongly against finding excusable neglect. As Defendant points out, this case was dismissed on statute of limitations grounds, as Plaintiff's loan modification application was denied in January 2013. (Dismissal Ord. at 6.) Defendant raises concerns that "[t]he longer the case is dragged out,

---

[2] Defendant seeks judicial notice of various court filings. The Court GRANTS Defendant's request for judicial notice because they are true and correct copies of a court record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1 the less likely Wells Fargo will be able to locate employees or witnesses with relevant information

2 in the event this matter were ever to go trial." (Def.'s Opp'n at 4.)

3 Second, the length of delay is not significant to warrant denying relief, although the Court

4 notes that Plaintiff waited until almost the last day to file the motion to extend time.

5 Third, Plaintiff attributes the reason for delay to Plaintiff's counsel suffering from health

6 issues that affected his ability to work due to his recovery from Cardiac Artery Bypass Graft

7 surgery performed on April 19, 2018. (Plf.'s Mot. to Extend Time at 1.) Plaintiff, however, does

8 not provide any evidence in support, such as a declaration by Plaintiff's counsel. The absence of

9 supporting evidence is particularly significant because court filings show Plaintiff's counsel was

10 practicing during this time. On April 12, 2019, Plaintiff's counsel filed a supplemental response

11 to an order to show cause in *Salvador v. Live-At-Home Care Connection*, Case No. 18-cv-7159-

12 SVK. (Def.'s RJN, Exh. 1.) On April 22, 2019, Plaintiff's counsel filed an application for

13 approval of attorney's fees in *In re Jo Ann Kidwell-Parson*, Case No. 19-30352-HLB. (Def.'s

14 RJN, Exh. 4.) As Plaintiff's counsel provides no evidence that health issues from a surgery

15 performed nearly one year prior affected his ability to work, and other evidence shows Plaintiff's

16 counsel did, in fact, work during the appeal period, the Court finds Plaintiff has failed to show that

17 the reason for delay was due to health issues. *See Bateman*, 231 F.3d at 1224

18 Fourth, the Court finds that Plaintiff's conduct does not appear to be in good faith. As

19 discussed above, Plaintiff attributes the delay to counsel's health issues, yet Plaintiff's counsel

20 made other filings during the appeal period. Additionally, Plaintiff waited until almost the last day

21 to file the instant motion despite filing documents in other cases in the interim, further suggesting

22 undue delay. (Def.'s RJN, Exh. 2 (May 21, 2019 response to an order to show cause), 3 (May 22,

23 2019 request to appear by phone), 5 (May 8, 2019 amended bankruptcy petition).)

24 Having considered the *Pioneer* factors, the Court concludes that Plaintiff has failed to

25 demonstrate excusable neglect. While the length of delay may support a finding of excusable

26 neglect, the remaining factors do not, particularly the reason for delay and whether Plaintiff's

27 conduct was in good faith.

28 ///

Accordingly, the Court DENIES Plaintiff's motion to extend the time to appeal.

IT IS SO ORDERED.

Dated: August 13, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge